IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:10cv1295 |
| C&C SHEET METAL AND MECHANICAL, INC. | ) ) ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter came before the Court on Motion for Default Judgement (Dkt. 8) by plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund ("NPF") and the International Training Fund ("ITF") for Default Judgment (collectively, "plaintiffs") against defendant C&C Sheet Metal and Mechanical, Inc. ("defendant").[1] When no representative for defendant appeared at the hearing on this motion, the undersigned Magistrate Judge took the matter under advisement.

---

[1] Supporting materials include the Complaint ("Compl."), The Affidavit of William T. Sweeney, Jr., Administrator of the Plumbers and Pipefitters National Pension Fund ("1st Sweeney Aff."), Mr. Sweeney's affidavit on behalf of International Training Fund, ("2nd Sweeney Aff.") and the attached National Pension Fund reports listing the unpaid contributions, liquidated damages, and interest owed. ("Dkt. 9"), as well as Declaration of Attorney's Fees from John R. Harney, of O'Donoghue & O'Donoghue ("Harney Aff.") and billing record for this matter ("Ex. 2").

I. INTRODUCTION

A. Background

Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Program, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of LMRA, 29 U.S.C. §185(a) and(c) which govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek damages pursuant to the Fund's Restated Agreement and Declaration of Trust (the "Trust Agreements"), which have established the Fund and which bind defendant, and pursuant to defendant's collective bargaining agreement with United Association Local Union No. 524, which incorporates defendant's obligations under the Trust Agreements.[2] (See Compl. ¶¶ 1-4,14; 1st, 2nd Sweeney Aff. ¶¶ 2-3.)

B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon this Court by 29 U.S.C. §§ 1132, 1145 and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2), 185(c). In this case, jurisdiction and venue are proper because

---

[2] The Trust Agreements and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

2

the Fund is in administered in this District and the alleged breaches of the Agreements occurred within this District. (Compl. ¶¶ 1-3)

### C. Service of Process

On December 21, 2010, Joseph G. Catina, President of defendant company, was served by private process server with a copy of the Summons, Complaint, and Supporting Documents in this case at 295 Owen Street, Swoyersville, PA 18704. (Dkt. 4; Mot. for Default J. at 1-2). Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On March 28, 2011, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 6). Plaintiffs filed a Motion for Default Judgment on April 6, 2011. (Dkt. 8).

After defendant failed to appear at the April 15, 2011 hearing on plaintiff's Motion for Default Judgment, the undersigned took this case under advisement. (Dkt. 12).

## II. FINDINGS

Based on the Complaint, the Affidavits of William T. Sweeney, Jr., the Declaration of John R. Harney, and the

documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings:

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Funds certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions. (Compl. ¶¶ 1-2,5-6, 10, and 15; Mot. for Default J. at 2; Sweeney Aff. ¶¶ 2-4, 6, and 7.) Defendant failed to submit timely reports or contributions to plaintiffs, in violation of the Agreements. (Compl. ¶¶ 7-9, 18-19; Mot. for Default J. at 2; Sweeney Aff. ¶6.) Pursuant to the Agreements, plaintiffs now seek to collect unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.[3]

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to the NPF and ITF for the months of July 2010 through September 2010. (Compl. ¶¶9,16; Memo. Mot. for Default Judgment at 2; 1st & 2nd Sweeney Aff. ¶5.) Pursuant to the Agreements, defendant must pay these contributions in the amounts contained in remittance reports it has submitted to plaintiffs plus the amounts derived from a projection formula contained in the Agreements (for contributions not covered by the remittance reports). (Compl. ¶¶6-7, 10-11,17-

---

[3] Though plaintiffs sought injunctive relief pursuant to 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145 in the Amended Complaint (Count II), plaintiff did not seek this relief in the Amended Motion for Default Judgment.

18; 1st & 2nd Sweeney Aff. ¶¶6-9.) Defendant's **contributions** for the months of July 2010 to September 2010 are late, in the amount of $2,207.52 as to NPF, and $51.10 as to ITF, for a total of **$2,258.62**. (1st & 2nd Sweeney Aff. ¶6).

Under the Trust Agreements, defendant must also pay **liquidated damages** to the Funds on any unpaid or delinquent contributions.[4] In this case, the amount of these liquidated damages is $220.75 as to NPF. (1st Sweeney Aff. ¶10; Ex. 9). As to ITF, liquidated damages comes to $10.22. (2nd Sweeney Aff.¶11; Ex. 9). In total, defendant owes liquidated damages of **$230.97.**

Additionally, defendant is obligated under the Trust Agreements to pay **interest** at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment. (1st and 2nd Sweeney Aff.¶11; Ex. 9). The total amount of this interest, calculated through the date of payment or April 8, 2011 is $149.16 for NPF and $3.45 for ITF, for a total amount of $**152.61**. (Mot. for Default J. at 2; 1st and 2nd Sweeney Aff. ¶¶10-11; Ex. 9).

In addition, plaintiffs seek **$1,100.00** in attorneys' fees and **$616.29** in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g). (Mot. for Default Judgment at

---

[4] Pursuant to Article VI, Section 5 of the Trust Agreement establishing the NPF and the Delinquency Procedures adopted by the Trustees of the NPF as revised in March 2003, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed. (Sweeney Aff. ¶ 10.)

5

2; Sweeney Aff. ¶ 11; Ex. 9; Harney Aff. ¶¶7,5). The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a **total of $4,358.49.** (Mot. For Default J. at 3).

Specifically, the undersigned recommends that plaintiff should recover from defendant $2,258.52, the sum of unpaid contributions from July 2010 through September 2010, $230.97 in liquidated damages, $152.61 in interest accrued at a rate of 12% per annum from the date due through the date of payment or April 8, 2011.

In addition, the undersigned recommends that plaintiff should recover from defendant $1,100.00 in attorneys' fees and $616.29 in costs.

### IV. NOTICE

The parties are advised that exceptions to this Report and Recommendation, taken pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives the right to appellate review of a judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    C&C Sheet Metal and Mechanical, Inc.
    295 Owen Street
    Swoyersville, PA 18704

                                          /s/
                                THERESA CARROLL BUCHANAN
                                UNITED STATES MAGISTRATE JUDGE

April 20, 2011
Alexandria, Virginia